UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER LYLE,

       Plaintiff,                                        Case No. 4:00-cv-40280
                                                           District Judge Linda V. Parker
v.                                                              Magistrate Judge Anthony P. Patti

SHOEMUKER, *et al.*,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL TESTIMONY (DE 156)

This action has been closed since April 22, 2002. (DE 105.) Plaintiff, a state prisoner who is proceeding without the assistance of counsel, filed the instant motion on November 7, 2016, asking the Court to compel the testimony of his criminal attorney, James Brisbois, and the Honorable Fred J. Borchard. Plaintiff asserts that such testimony will provide proof about counsel's refusal to accept a plea deal. (DE 156 at ¶ 1.) For the reasons outlined below, Plaintiff's motion is **DENIED**.

As a preliminary matter, this case was brought pursuant to 42 U.S.C. § 1983. Plaintiff now appears to seek the testimony of his criminal attorney and the judge presiding over his criminal case as an attempt to challenge the fact or duration of his confinement, which is properly brought as a habeas petition. *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment . . . his sole federal remedy is habeas corpus."). To the extent Plaintiff seeks relief related to the fact or duration of his confinement, the Court makes no ruling on the substance of his claim.

Plaintiff's case has been closed since 2002. (DE 106.) Although he has made numerous attempts at reopening the action, all have been fruitless. In the instant motion, he provides no reason for compelling testimony from individuals involved in the criminal case leading to his confinement. Further, although it is unclear on what topic Judge Borchard is expected to testify, an examination of the "mental processes" of a judge in arriving at a decision is not permitted. *United States v. Morgan*, 313 U.S. 409, 422 (1941). Again, this case is closed, there are no pending dispositive motions, and there will not be a trial. Plaintiff does not provide any reason for compelling unnecessary testimony from individuals unrelated to this closed § 1983 action. Accordingly, Plaintiff's motion is **DENIED**. (DE 156.)

**IT IS SO ORDERED.**

Dated: March 1, 2017        s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE

2

I hereby certify that a copy of the foregoing document was sent to parties of record on March 1, 2017, electronically and/or by U.S. Mail.

            s/Michael Williams
            Case Manager for the
            Honorable Anthony P. Patti